COURT OF APPEALS OF VIRGINIA


Present:   Judges Elder, Humphreys and Senior Judge Fitzpatrick
Argued at Alexandria, Virginia


HELEN ELAINE MASON
                                                          OPINION  BY
v.        Record No. 1466-05-4              JUDGE JOHANNA L. FITZPATRICK
                                                      NOVEMBER 7, 2006
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF WINCHESTER
John E. Wetsel, Jr., Judge

William A. Crane for appellant.

Susan M. Harris, Assistant Attorney General (Robert F. McDonnell,
Attorney General, on brief), for appellee.


A jury convicted Helen Elaine Mason (appellant) of five counts of taking indecent liberties with a minor and ten counts of producing or possessing child pornography with the intent to distribute.  On appeal, she contends:  1) the evidence was insufficient to support her convictions of taking indecent liberties; 2) the trial court erred in finding that each photograph of the child could support a separate conviction of the pornography offense; 3) the trial court erroneously instructed the jury regarding the definition of "lascivious"; and 4) the trial court erroneously instructed the jury on the definition of "sexually explicit visual material."  We find no error and affirm appellant's convictions.[1]

---

[1] The parties agree the sentencing order referred to the incorrect statute for appellant's convictions of taking indecent liberties.  The sentencing order cites Code § 18.2-370.1 rather than Code § 18.2-370, the appropriate code section.  Pursuant to Code § 8.01-428(B), we remand this case to the trial court for the limited purpose of correcting this clerical error.

I.  SUFFICIENCY OF THE EVIDENCE

Appellant first contends the evidence was insufficient to support her convictions of taking indecent liberties with a child.  We disagree.

"'When the sufficiency of the evidence is challenged on appeal, we determine whether the evidence, viewed in the light most favorable to the prevailing party, the Commonwealth, and the reasonable inferences fairly deducible from that evidence support each and every element of the charged offense.'"  Slade v. Commonwealth, 43 Va. App. 61, 69, 596 S.E.2d 90, 94 (2004) (quoting Haskins v. Commonwealth, 31 Va. App. 145, 149-50, 521 S.E.2d 777, 779 (1999)).

Pursuant to Code § 18.2-370(A)(1), a person eighteen years of age or over is guilty of a Class 5 felony if he or she, "with lascivious intent, knowingly and intentionally . . . [e]xpose[s] his or her sexual or genital parts to any child to whom such person is not legally married or propose[s] that any such child expose his or her sexual or genital parts to such person[.]" Although appellant admits that she and L.M. each took nude photos of each other, appellant contends she did not possess lascivious intent at the time the photos were produced.

Although it is not defined by Code § 18.2-370, the term "lascivious intent" has been defined by the Virginia Supreme Court as "'a state of mind that is eager for sexual indulgence, desirous of inciting to lust or of inciting sexual desire and appetite.'"  Viney v. Commonwealth, 269 Va. 296, 299, 609 S.E.2d 26, 28 (2005) (quoting McKeon v. Commonwealth, 211 Va. 24, 27, 175 S.E.2d 282, 284 (1970)).  In McKeon, the Court "enumerated evidence that may prove lascivious intent as follows:  (1) that the defendant was sexually aroused; (2) that the defendant made gestures toward himself or to the child; (3) that the defendant made improper remarks to the child; or (4) that the defendant asked the child to do something wrong."  Viney, 269 Va. at 300, 609 S.E.2d at 28 (concluding that defendant's eye movements toward his exposed genitals demonstrated his lascivious intent).  "[P]roof of any one [of the listed] factor[s] can be sufficient

to uphold a conviction under the statute."  Campbell v. Commonwealth, 227 Va. 196, 200, 313

S.E.2d 402, 404 (1984) (evidence sufficient to prove lascivious intent where defendant, within a

child's view, gestured toward himself, both before and after pulling down his pants, then

gestured again after pulling his pants to his knees).

"'Intent is the purpose formed in a person's mind and may be, and frequently is, shown

by the circumstances.  It is a state of mind which may be proved by a person's conduct or by his

statements.'"  Haywood v. Commonwealth, 20 Va. App. 562, 565, 458 S.E.2d 606, 608 (1995)

(quoting Barrett v. Commonwealth, 210 Va. 153, 156, 169 S.E.2d 449, 451 (1969)).  "'Whether

the required intent exists is generally a question for the trier of fact.'"  Crawley v.

Commonwealth, 25 Va. App. 768, 773, 492 S.E.2d 503, 505 (1997) (quoting Nobles v.

Commonwealth, 218 Va. 548, 551, 238 S.E.2d 808, 810 (1977)).  "The inferences to be drawn

from proved facts are within the province of the trier of fact, so long as the inferences are

reasonable and justified."  Barrett, 210 Va. at 156, 169 S.E.2d at 451.

The evidence established that appellant's actions satisfied *all* prongs of the McKeon test.

At the insistence of Hugo Sandoval, appellant's incarcerated husband, appellant requested L.M.,

a thirteen-year-old female, to participate in a scheme to provide sexually explicit photographs to

Sandoval.  The admitted telephone conversations between appellant and Sandoval plainly

demonstrate that they shared an intent to incite sexual desire and appetite in each other by taking

sexually explicit photographs of appellant and L.M.  The tone of the discussions indicated the

photographs were being made for Sandoval's sexual enjoyment.  Moreover, appellant admittedly

became sexually aroused in the process.  While obtaining the sexually explicit photographs of

L.M., appellant had L.M. pose with a vibrator placed between the lips of L.M.'s genitalia like it

was "just ready to go in."  Upon this evidence, the jury was entitled to conclude beyond a

reasonable doubt that appellant possessed lascivious intent at the time the photographs were produced and that she was guilty of taking indecent liberties with a child.

## II. MULTIPLE CONVICTIONS OF POSSESSING CHILD PORNOGRAPHY

Appellant next argues that the trial court should have limited the number of child pornography charges to the number of incidents during which the photographs were produced, rather than permitting prosecution of a separate charge based upon each individual photograph.[2]

"When considering multiple punishments for a single transaction, the controlling factor is legislative intent." Kelsoe v. Commonwealth, 226 Va. 197, 199, 308 S.E.2d 104, 104 (1983). The legislature "determine[s] the appropriate 'unit of prosecution' and set[s] the penalty for separate violations." Jordan v. Commonwealth, 2 Va. App. 590, 594, 347 S.E.2d 152, 154 (1986). "Therefore, although multiple offenses may be the 'same,' an accused may be subjected to legislatively 'authorized cumulative punishments.'" Shears v. Commonwealth, 23 Va. App. 394, 401, 477 S.E.2d 309, 312 (1996) (quoting Jordan, 2 Va. App. at 594, 347 S.E.2d at 154).

In Educational Books, Inc. v. Commonwealth, 228 Va. 392, 323 S.E.2d 84 (1984), the Supreme Court held that the unit of prosecution for the sale of obscene items under Code § 18.2-374 was the number of each such item sold, reasoning that "Code § 18.2-374 prohibits the sale of 'any obscene item.' Code § 18.2-373 provides that '[o]bscene items' shall include '[a]ny

---

[2] On appeal, appellant contends the number of indictments for possessing child pornography violated her double jeopardy rights. Appellant did not raise this issue in the trial court. Accordingly, we will not consider it on appeal. See Rule 5A:18; Ohree v. Commonwealth, 26 Va. App. 299, 308, 494 S.E.2d 484, 488 (1998).

Nor will we consider appellant's allegation that the prosecution violated her rights under the Sixth, Eighth, and Fourteenth Amendments. She provided this Court with no argument or citation to authority to support her allegations. Pursuant to Rule 5A:20(e), an appellant's brief must contain "[t]he principles of law, the argument, and the authorities relating to each question presented." On appeal, "[w]e will not search the record for errors in order to interpret the appellant's contention and correct deficiencies in a brief." Buchanan v. Buchanan, 14 Va. App. 53, 56, 415 S.E.2d 237, 239 (1992).

obscene magazine.' The gravamen of the offense is the sale of a single obscene item." Id. at 395, 323 S.E.2d at 86.

Similarly, Code § 18.2-374.1(B)(4), under which appellant was prosecuted, prohibits the distribution or possession with the intent to distribute of "sexually explicit visual material which utilizes or has as a subject a person less than eighteen years of age." Code § 18.2-374.1(A) defines "sexually explicit visual material" as "*a* picture, photograph, drawing, sculpture, motion picture film, digital image or similar visual representation" depicting lewd conduct or sexual activity. (Emphasis added.)

In State v. Howell, 609 S.E.2d 417, 419 (N.C. Ct. App. 2005), the North Carolina Court of Appeals considered whether the presence of over 200 images of child pornography on the defendant's computer hard drive could support multiple convictions under the state's child pornography law prohibiting possession of "a visual representation of a minor engaging in sexual activity." Reviewing cases from other jurisdictions that addressed the issue of multiplicity, the court noted that it:

> found no jurisdictions . . . which have held the use of the singular "a," as appears in our statute, to be ambiguous. Indeed an Alabama court stated: "How, then, should the unit of prosecution be described so that an intent to allow multiple convictions is clear and unequivocal? Instead of using the word 'any' to describe the unit of prosecution, the singular word[] 'a' . . . should be used."

Id. at 420 (quoting McKinney v. State, 511 So.2d 220, 224 (Ala. 1987)).

By using the word "a" followed by a succession of singular nouns in the definition of "sexually explicit visual material" in Code § 18.2-374.1(A), the Virginia legislature has demonstrated its clear intent[3] that possession of a single photograph could constitute an offense under Code § 18.2-374.1 and that multiple punishments would result from multiple violations of

---

[3] "When the language of a statute is plain and unambiguous, courts are bound by the plain meaning of that language." Volkswagen of America v. Smit, 266 Va. 444, 452, 587 S.E.2d 526, 531 (2003).

the statute.  Accordingly, we conclude that the permissible unit of prosecution for possession of child pornography under Code § 18.2-374.1(B)(4) corresponds to the number of individual items of sexually explicit visual material.  The trial court correctly ruled that appellant's convictions on the child pornography charges were not multiplicitous.

### III.  JURY INSTRUCTION ON "LASCIVIOUS INTENT"

In Instruction 9, the trial court instructed the jury:  "The word lascivious means a state of mind that is eager for sexual indulgence, desirous of inciting to lust or of inciting sexual desire and appetite."  At trial, appellant contended that, while Instruction 9 was a correct statement of law, it did not provide the jury with sufficient guidance regarding lascivious intent.[4]  Appellant argues the trial court erred in refusing her proposed Instruction B, which included the statement:

> Proof of any of the following four factors can show a lascivious state of mind on the part of the defendant in this case:
>
> 1.  That the defendant was sexually aroused; or
>
> 2.  That the defendant made inappropriate gestures toward herself or the child; or
>
> 3.  That the defendant made sexually improper remarks to the child; or
>
> 4.  That the defendant asked the child to do something wrong from a sexual standpoint.

The supplemental language in Instruction B contains the four factors listed as demonstrating lascivious intent in McKeon and in Viney.

With regard to jury instructions, "[a] reviewing court's responsibility . . . is 'to see that the law has been clearly stated and that the instructions cover all issues which the evidence fairly

---

[4] The Commonwealth contends that appellant waived her objection to the trial court's instruction on lascivious intent by conceding Instruction 9 was a correct statement of law. However, the trial court clearly considered, and rejected, appellant's proposed instruction containing the same statement of law as in Instruction 9 as well as supplemental language. Accordingly, we reject the Commonwealth's contention that appellant did not preserve this issue for appeal.

raises.'" Stevens v. Commonwealth, 46 Va. App. 234, 247, 616 S.E.2d 754, 760 (2005) (*en banc*) (quoting Darnell v. Commonwealth, 6 Va. App. 485, 488, 370 S.E.2d 717, 719 (1988)). Moreover,

> Virginia courts have often cautioned against lifting the "language of a specific opinion" for a jury instruction given that an appellate opinion "is meant to provide a rationale for a decision — and may not translate immutably into jury instructions." Va. Power v. Dungee, 258 Va. 235, 251, 520 S.E.2d 164, 173 (1999). We discourage the "indiscriminate use of language from appellate opinions in a jury instruction," Blondel v. Hays, 241 Va. 467, 474, 403 S.E.2d 340, 344 (1991), because "statements appearing in opinions of this court, while authority for the propositions set forth, are not necessarily proper language for jury instructions," Oak Knolls Realty v. Thomas, 212 Va. 396, 397, 184 S.E.2d 809, 810 (1971).

Seaton v. Commonwealth, 42 Va. App. 739, 753-54, 595 S.E.2d 9, 16 (2004).

In McKeon, the Court made the following statement in determining that the evidence was insufficient to prove the defendant possessed lascivious intent:

> Accepting everything [the victim] said as true, the evidence does not warrant a finding that lascivious intent of the defendant has been shown beyond a reasonable doubt. From [the victim's] description of what happened, there is no evidence that the defendant was sexually aroused; that he made any gestures toward himself or to her; that he made any improper remarks to her; or that he asked her to do anything wrong.

McKeon, 211 Va. at 27, 175 S.E.2d at 284. Thus, in setting forth the same factors appellant incorporated in proposed Instruction B, the Court was simply stating the rationale for its decision based upon the evidence in the case.

Subsequent to its decision in McKeon, the Court has stated that proof of any one of the McKeon factors can be sufficient to prove lascivious intent under Code § 18.2-370. See Viney, 269 Va. at 300, 609 S.E.2d at 29; Campbell, 227 Va. at 200, 313 S.E.2d at 404. However, the Court has not held that proof of one of the four factors is a prerequisite to a finding of lascivious intent.

- 7 -

Thus, we conclude that that the supplemental language contained in Instruction B was not required to guide the jury regarding the issue of lascivious intent. See Seaton, 42 Va. App. at 753, 595 S.E.2d at 16. Accordingly, the trial court did not err in denying appellant's proposed instruction.

IV. JURY INSTRUCTION ON "SEXUALLY EXPLICIT VISUAL MATERIAL"

Lastly, appellant contends the instruction defining "sexually explicit visual material," Instruction 6, was erroneous because it referred to a "lewd" exhibition of nudity or sexual conduct. She argues that because the trial court also instructed the jury that "lewd" was a synonym for "lascivious," the term "lascivious" erroneously applied to all the charges.

The record does not reflect that appellant objected at trial to Instruction 6, which contained the definition of "sexually explicit visual material." Nor did appellant proffer to the trial court an alternative instruction to Instruction 6.

A defendant is not entitled to challenge a jury instruction on appeal where he raises no objection in the trial court. See Lenz v. Commonwealth, 261 Va. 451, 467, 544 S.E.2d 299, 308 (2002). Accordingly, we will not consider this argument on appeal. See Rule 5A:18.

> Although Rule 5A:18 allows exceptions for good cause or to meet the ends of justice, appellant does not argue that we should invoke these exceptions. See e.g., Redman v. Commonwealth, 25 Va. App. 215, 221, 487 S.E.2d 269, 272 (1997) ("In order to avail oneself of the exception, a *defendant must affirmatively show* that a miscarriage of justice has occurred, not that a miscarriage might have occurred." (emphasis added)). We will not consider, *sua sponte*, a "miscarriage of justice" argument under Rule 5A:18.

Edwards v. Commonwealth, 41 Va. App. 752, 761, 589 S.E.2d 444, 448 (2003) (*en banc*).

For the foregoing reasons, we affirm appellant's convictions. The case is remanded to the trial court for correction of the clerical error in the sentencing order.

Affirmed and remanded.