COURT OF APPEALS OF VIRGINIA

Present:    Judges Kelsey, Haley and Beales
Argued by teleconference


ARNOLD LYNN DE'ARMOND
                                                            OPINION BY
v.       Record No. 1987-06-3                    JUDGE D. ARTHUR KELSEY
                                                        DECEMBER 27, 2007
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF CHESAPEAKE
Bruce H. Kushner, Judge

Robert L. Wegman (The Law Office of Robert L. Wegman,
on brief), for appellant.

Stephen R. McCullough, Deputy State Solicitor General
(Robert F. McDonnell, Attorney General; William E. Thro,
State Solicitor General, on brief), for appellee.


A jury convicted Arnold Lynn De'Armond of committing three acts of aggravated sexual

battery against his granddaughter, a child under the age of thirteen. See Code § 18.2-67.3(A)(1).

On appeal, he claims the trial court should have merged the three charges into one. Not doing

so, De'Armond argues, violated Code § 19.2-294 and the Double Jeopardy Clause of the Fifth

Amendment. We disagree and affirm.

I.

On appeal, "we review the evidence in the 'light most favorable' to the Commonwealth."

Pryor v. Commonwealth, 48 Va. App. 1, 4, 628 S.E.2d 47, 48 (2006) (quoting Commonwealth v.

Hudson, 265 Va. 505, 514, 578 S.E.2d 781, 786 (2003)). This principle requires us to "discard

the evidence of the accused in conflict with that of the Commonwealth, and regard as true all the

credible evidence favorable to the Commonwealth and all fair inferences to be drawn therefrom."

Id. (quoting Parks v. Commonwealth, 221 Va. 492, 498, 270 S.E.2d 755, 759 (1980)).

The evidence at trial showed that De'Armond sexually abused his eight-year-old granddaughter after she returned home from school one afternoon. While in his bedroom using his computer, De'Armond took the child's hand and "put it between his legs . . . on his penis." She quickly left his bedroom and went into another room of the house to do homework.

The child later returned to her grandfather's bedroom. De'Armond was still on his computer. She noticed that his penis was "sticking out" of his pants, and she told him so. He stuck it back in his pants. Later, he again took her hand and put it on top of his penis. The child moved her hand away; he moved it back. This occurred about five or six times. At some point he asked her whether she "wanted to play with his penis." The child testified De'Armond "took out his penis and put my hand on it and made me squeeze it." De'Armond then put his hand into the child's pants and touched her vagina for about four or five seconds. After that, De'Armond rubbed the child's prepubescent breasts for about five or ten minutes.

De'Armond told his granddaughter that "this was just between [her] and him." Upset and confused, the child immediately told her mother. The mother confronted De'Armond, and he agreed to leave the house. When questioned by police, De'Armond confessed and admitted that his granddaughter was "telling the truth" about what he had done to her. At trial, however, De'Armond repudiated his confession. The child, he alleged, must have "inadvertently" brushed against his penis. De'Armond also testified he may have "tickled" her "between her navel and her panty line" and "patted her on the bottom" as she left the room, but he did not touch her vagina or her chest.

Pursuant to separate indictments, finding instructions, and verdict forms, the jury found De'Armond guilty of three acts of aggravated sexual battery: (i) De'Armond's placing the child's hand on De'Armond's penis, (ii) De'Armond's touching of the child's vagina, and (iii) De'Armond's touching of the child's prepubescent breasts. The trial court adopted the jury's

recommended sentences on each conviction, imposing the incarceration terms consecutively.

Both before and after trial, De'Armond argued that Code § 19.2-294 and the Double Jeopardy

Clause of the Fifth Amendment required that all three charges be merged into one. The trial

court rejected the argument and entered final judgment.

II.

On appeal, De'Armond repeats his claim that the three convictions violate his rights

under Code § 19.2-294 and the Double Jeopardy Clause of the Fifth Amendment. Like the trial

court, we find the arguments meritless.

A. CODE § 19.2-294 — "SAME ACT" REPROSECUTION BAR

Code § 19.2-294 states that a "conviction" under "two or more" statutes or ordinances

"shall be a bar to a prosecution or proceeding" when the underlying criminal event involves the

"same act." Because the text imposes the bar only *after* a conviction, the statute applies just to

successive, not simultaneous, prosecutions. Phillips v. Commonwealth, 257 Va. 548, 551-52,

514 S.E.2d 340, 342 (1999).[1] Code § 19.2-294 also limits its statutory bar to successive

convictions under "two or more" statutes or ordinances, thus making the bar inapplicable when a

defendant suffers convictions under a *single* statute or ordinance authorizing multiple units of

prosecution.

In this case, De'Armond was convicted in a simultaneous prosecution for multiple

violations of a single statute. Either circumstance, by itself, undermines his reliance on Code

---

[1] See also Jefferson v. Commonwealth, 43 Va. App. 361, 366, 597 S.E.2d 290, 292-93 (2004); Johnson v. Commonwealth, 38 Va. App. 137, 145 n.2, 562 S.E.2d 341, 345 n.2 (2002); Slater v. Commonwealth, 15 Va. App. 593, 595, 425 S.E.2d 816, 817 (1993); Hall v. Commonwealth, 14 Va. App. 892, 899-900, 421 S.E.2d 455, 460-61 (1992) (*en banc*). Code § 19.2-294 does not apply, moreover, when the abuser has committed multiple acts. See Ashby v. Commonwealth, 208 Va. 443, 446, 158 S.E.2d 657, 659-60 (1968) (second conviction not barred by predecessor to Code § 19.2-294 because the abuser "committed two acts").

§ 19.2-294. The trial court, therefore, did not violate Code § 19.2-294 by refusing to consolidate De'Armond's three convictions into one.

B. DOUBLE JEOPARDY — STATUTORY UNIT OF PROSECUTION

De'Armond next argues that the trial court violated the Double Jeopardy Clause of the Fifth Amendment by not consolidating his three convictions into one. Here again, we find De'Armond's argument inconsistent with settled principles.

In a simultaneous prosecution, the role of the Double Jeopardy Clause is "limited to assuring that the court does not exceed its legislative authorization by imposing multiple punishments for the same offense." Stephens v. Commonwealth, 263 Va. 58, 62, 557 S.E.2d 227, 230 (2002) (quoting Brown v. Ohio, 432 U.S. 161, 165 (1977)); Coleman v. Commonwealth, 261 Va. 196, 200, 539 S.E.2d 732, 734 (2001). The legislature retains plenary discretion to "determine the appropriate 'unit of prosecution'" and to punish each violation separately. Nelson v. Commonwealth, 41 Va. App. 716, 740, 589 S.E.2d 23, 35 (2003) (citation omitted), aff'd on other grounds, 268 Va. 665, 604 S.E.2d 76 (2004); see Mason v. Commonwealth, 49 Va. App. 39, 46, 636 S.E.2d 480, 483 (2006). In determining the statutory unit of prosecution, "the controlling factor is legislative intent." Kelsoe v. Commonwealth, 226 Va. 197, 199, 308 S.E.2d 104, 104 (1983). The multiple punishments prohibition, therefore, remains from start to finish wholly dependent on statutory interpretation. See John L. Costello, Virginia Criminal Law & Procedure § 51.3-4, at 688-90 (3d ed. 2002).

In this case, the jury convicted De'Armond of three violations of Code § 18.2-67.3(A)(1). Under that statute, an accused "shall be guilty of aggravated sexual battery if he or she sexually abuses the complaining witness, and . . . [t]he complaining witness is less than 13 years of age" at the time of the offense. Code § 18.2-67.3(A)(1) "'Sexual abuse' means *an act* committed

with the intent to sexually molest, arouse, or gratify any person" in situations where, for example, the accused intentionally touches the victim's "intimate parts" or causes the victim to touch the accused's "intimate parts." Code § 18.2-67.10(6)(a) to 18.2-67.10(6)(d) (emphasis added). "'Intimate parts' means the genitalia, anus, groin, breast, or buttocks of any person." Code § 18.2-67.10(2).

When coupled with its definitional provisions, Code § 18.2-67.3(A)(1) creates a unit of prosecution for every act of sexual abuse and, at a minimum, contemplates separate acts for each of the separate "intimate parts" described in Code § 18.2-67.10(2). This interpretation parallels our understanding of the appropriate units of prosecution under other sex crime statutes. See, e.g., Nelson, 41 Va. App. at 740, 589 S.E.2d at 35 (holding that the forcible sodomy statute "indicates that the legislature intended each act constitute a discrete unit of prosecution"); Carter v. Commonwealth, 16 Va. App. 118, 128, 428 S.E.2d 34, 42 (1993) (concluding that a defendant should not be permitted "a 'free rape' merely because he chooses to repeat his crime on the same victim within a short period of time"); see also Mason, 49 Va. App. at 48, 636 S.E.2d at 484 (holding the "unit of prosecution" for possession of child pornography "corresponds to the number of individual items of sexually explicit visual material").

Tracking the indictments, the trial court separated the finding instructions and jury verdict forms into three prosecutorial units: (i) De'Armond's placing the child's hand on De'Armond's penis, (ii) De'Armond's touching of the child's vagina, and (iii) De'Armond's touching of the child's prepubescent breasts. This segregation of offenses properly recognized the separate acts of touching separate intimate parts. The trial court, therefore, did not divide De'Armond's culpability beyond the indivisible units of prosecution contemplated by Code § 18.2-67.3(A)(1). It necessarily follows that the trial court likewise did not impose multiple punishments for the same offense in violation of the Double Jeopardy Clause.

De'Armond finds this analysis inconsistent with the rule of lenity — a canon of statutory construction which, he claims, requires that we strictly construe Code § 18.2-67.3(A)(1) in his favor to permit only one prosecution when multiple acts of sexual abuse "all occurred in one distinct, continuous and uninterrupted course of conduct bounded closely in terms of place and time." Appellant's Br. at 13. We believe this suggested statutory construction, however, asks far more from the rule of lenity than it can deliver.

Only when a "penal statute is *unclear*" do courts apply the rule of lenity and strictly construe the statute in the criminal defendant's favor. Waldrop v. Commonwealth, 255 Va. 210, 214, 495 S.E.2d 822, 825 (1998) (footnote omitted and emphasis added). "Absent ambiguity, the rule of lenity is not applicable to guide statutory interpretation." United States v. Johnson, 529 U.S. 53, 59 (2000); see also Holsapple v. Commonwealth, 266 Va. 593, 598, 587 S.E.2d 561, 564 (2003) ("We do not agree that the statutory language is ambiguous. Hence, we construe the language according to its plain meaning without resort to rules of statutory interpretation.").

"The simple existence of some statutory ambiguity," moreover, "is not sufficient to warrant application of that rule, for most statutes are ambiguous to some degree." Muscarello v. United States, 524 U.S. 125, 138 (1998). And the "mere possibility of articulating a narrower construction" does not by itself make the rule of lenity applicable. Smith v. United States, 508 U.S. 223, 239 (1993). Nor can the rule be "invoked by a grammatical possibility" that raises a manifestly "implausible reading" of the legislative purpose. Caron v. United States, 524 U.S. 308, 316 (1998).

Instead, the rule of lenity serves only to resolve genuine, plausible ambiguities and "does not abrogate the well recognized canon that a statute . . . should be read and applied so as to accord with the purpose intended and attain the objects desired if that may be accomplished without doing harm to its language." Cartwright v. Commonwealth, 223 Va. 368, 372, 288

S.E.2d 491, 493 (1982) (citation omitted).  Despite the rule of lenity, "courts are nevertheless bound by the plain meaning of *unambiguous* statutory language and 'may not assign a construction that amounts to holding that the General Assembly did not mean what it actually has stated.'" Gunn v. Commonwealth, 272 Va. 580, 587, 637 S.E.2d 324, 327 (2006) (citations omitted and emphasis added); Dugger v. Commonwealth, 40 Va. App. 586, 593, 580 S.E.2d 477, 480-81 (2003) (recognizing the rule of lenity only when applied to a genuine "ambiguity or reasonable doubt" in the statutory text).[2]

Read together with its definitional provisions, Code § 18.2-67.3(A)(1) is unambiguous. Its language creates "an offence that can be committed *uno ictu*" rather than one inherently "continuous in its character." See Blockburger v. United States, 284 U.S. 299, 302 (1932) (citation omitted).  It clearly defines "sexual abuse," Code § 18.2-67.3(A)(1), as "an act" involving an "intimate part" of the body, Code § 18.2-67.10(6), which includes "the genitalia, anus, groin, breast, or buttocks of any person," Code § 18.2-67.10(2).  De'Armond's proffered statutory construction — aggregating as a single unit of prosecution multiple acts involving distinct intimate parts of the body at distinct times — does not clarify ambiguous statutory language, but rather rewrites unambiguous statutory language.

III.

Finding no violation of either Code § 19.2-294 or the Double Jeopardy Clause, we affirm De'Armond's convictions for sexually abusing his granddaughter.

Affirmed.

---

[2] See also United States v. Gosselin World Wide Moving, N.V., 411 F.3d 502, 514 (4th Cir. 2005) (directing that "traditional tools of statutory construction" be consulted before ambiguity is said to exist (citing United States v. Shabani, 513 U.S. 10, 17 (1994))).