COURT OF APPEALS OF VIRGINIA


Present:  Chief Judge Felton, Judges Haley and Beales
Argued at Alexandria, Virginia


PAUL GREGORY CHAPMAN
                                                          OPINION BY
v.        Record No. 1210-09-4                   JUDGE RANDOLPH A. BEALES
                                                          AUGUST 17, 2010
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF STAFFORD COUNTY
Charles S. Sharp, Judge

Price Koch (Spencer Mayoras Henderson & Koch, PLC, on brief),
for appellant.

Jennifer C. Williamson, Assistant Attorney General (Kenneth T.
Cuccinelli, II, Attorney General, on brief), for appellee.


        A jury convicted Paul Gregory Chapman (appellant) of one count of possession of child

pornography, in violation of Code § 18.2-374.1:1(A), and nine counts of possession of child

pornography, second or subsequent offense, in violation of Code § 18.2-374.1:1(B).  On appeal,

appellant argues that the trial court erred in denying his motion to strike four of these ten

charges.[1]  Appellant also argues that the trial court erred when it refused appellant's proposed

jury instruction, which was based on the model jury instruction for constructive possession of

contraband.  Disagreeing with appellant's arguments, we affirm all ten convictions for the

reasons stated below.

_____

        [1] Appellant also made a separate motion to strike all ten charges, based on a different
legal argument.  Although he requested review of the trial court's denial of this motion, an
appeal was not granted on this issue.

## I. BACKGROUND

On the morning of February 14, 2008, police officers executed a search warrant on a Stafford County home owned by appellant's parents. Appellant resided in a basement apartment in this home, which had a separate door to the outside, as well as a living room, a bedroom, a bathroom, and a storage area. Appellant had lived in the basement apartment for two-and-a-half years, and he had been its sole occupant for approximately five months.

Appellant was in the basement apartment when the officers executed the search warrant. In the basement apartment's living room, appellant's computer was turned on, and its monitor displayed a photograph of appellant. The police seized this computer.

Detective Darrell Wells, who was admitted at appellant's trial as an expert in computer forensics, conducted an examination of appellant's computer. His examination revealed that the temporary Internet file cache of appellant's computer contained twenty digital pictures that were characterized as child pornography.[2] Fourteen additional photographs depicted young girls who were completely nude, almost nude, or only partially clothed, and another file contained a video of a man engaging in sexual intercourse with a young girl. Detective Wells did not detect any viruses on appellant's computer and found no signs that these files carried any viruses.

Based on his analysis of appellant's computer and the temporary Internet cache, Detective Wells testified that these files had all been created and saved to the computer's hard drive between 8:07 a.m. and 8:12 a.m. on the morning of February 14, 2008 – less than two hours before the police arrived to execute the search warrant. There was no evidence that appellant left the basement apartment that morning or that anyone else had been inside the basement apartment that morning.

---

[2] "Child pornography" is defined, in pertinent part, as "sexually explicit visual material which utilizes or has as a subject an identifiable minor." Code § 18.2-374.1(A). Appellant does not contest that these twenty photographs were child pornography.

Appellant moved to strike four of the ten charges of possession of child pornography,

contending that Code § 18.2-374.1 required the Commonwealth to introduce three or more

images of child pornography to support each conviction under that statute. Thus, he contended,

the Commonwealth proved only six violations of the statute. The trial court rejected appellant's

argument.

In addition, appellant proffered a jury instruction that adapted a model jury instruction on

constructive possession of contraband. Appellant claimed that this instruction was required

under Kromer v. Commonwealth, 45 Va. App. 812, 613 S.E.2d 871 (2005), where this Court

affirmed Kromer's conviction for possession of child pornography by applying the principles of

constructive possession. The trial court refused appellant's proposed jury instruction, finding

that it contained language that was inapplicable to the facts presented at trial and that it was

potentially confusing to the jury. The trial court instead instructed the jury that the

Commonwealth was required to prove that "the defendant knowingly possessed child

pornography."[3]

---

[3] The full text of this instruction given by the trial court to the jury states:

> The defendant is charged with the crime of Possession of Child
> Pornography. The Commonwealth must prove beyond a
> reasonable doubt the following element of that Crime:
>
> 1) That the defendant knowingly possessed child pornography;
>
> If you find from the evidence that the Commonwealth has proved
> beyond a reasonable doubt the above element of the crime as
> charged, then you shall find the defendant guilty but you shall not
> fix the punishment until your verdict has been returned and further
> evidence has been heard by you.
>
> If you find that the Commonwealth has failed to prove beyond a
> reasonable doubt of [sic] the element of the crime, then you shall
> find the defendant not guilty.

During its deliberations during the guilt phase of the trial, the jury asked the trial court to define "knowingly possessed." The trial court instructed the jury that it had received all applicable instructions and that it must apply its common sense understanding of those instructions to the facts in the case. The jury eventually found appellant guilty on all ten counts of possession of child pornography, and appellant now appeals.

## II. ANALYSIS

### A. Motion to Strike Four Charges of Child Pornography

Appellant argues that the twenty images of child pornography found in his temporary Internet cache were insufficient to prove ten counts of possession of child pornography, but instead provided sufficient evidence to prove only six counts. Appellant premises this question presented on an issue of statutory interpretation – whether Code § 18.2-374.1(A) requires proof of at least three images of child pornography "stored in a computer's temporary Internet cache" to support each conviction under that statute. In addressing appellant's argument, we are mindful that "[s]tatutory interpretation presents a pure question of law and is accordingly subject to *de novo* review" by an appellate court. Washington v. Commonwealth, 272 Va. 449, 455, 634 S.E.2d 310, 313 (2006) (citing Ainslie v. Inman, 265 Va. 347, 352, 577 S.E.2d 246, 248 (2003)).

Code § 18.2-374.1:1 prohibits the knowing possession of child pornography. A person possesses child pornography when he or she possesses "sexually explicit visual material which utilizes or has as a subject an identifiable minor." Code § 18.2-374.1(A). "Sexually explicit visual material" is defined, in pertinent part, as

> a picture, photograph, drawing, sculpture, motion picture film, digital image, *including such material stored in a computer's temporary Internet cache when three or more images or streaming videos are present*, or similar visual representation which depicts sexual bestiality, a lewd exhibition of nudity, as nudity is defined in § 18.2-390, or sexual excitement, sexual conduct or sadomasochistic abuse, as also defined in § 18.2-390, or a book, magazine or pamphlet which contains such a visual representation.

Id. (emphasis added). In 2007, the General Assembly amended its definition of "sexually explicit material" in Code § 18.2-374.1(A) to include the emphasized language concerning materials stored on a computer's temporary Internet cache.

In Mason v. Commonwealth, 49 Va. App. 39, 636 S.E.2d 480 (2006), Mason argued, similar to appellant's argument here, that the trial court erred in finding that each photograph of child pornography could support a separate conviction under Code § 18.2-374.1:1. This Court rejected Mason's argument, emphasizing that the General Assembly chose to define "sexually explicit visual material" as "'*a* picture, photograph, drawing, sculpture, motion picture film, digital image or similar visual representation' depicting lewd conduct or sexual activity." Id. at 47, 636 S.E.2d at 484 (quoting Code § 18.2-374.1(A)). Relying on the Supreme Court's opinion in Educational Books, Inc. v. Commonwealth, 228 Va. 392, 323 S.E.2d 84 (1984), which held that the permissible unit of prosecution for the sale of obscene items under Code § 18.2-374 was the number of each such item sold, this Court held in Mason that "the permissible unit of prosecution for possession of child pornography under [the statute] corresponds to the number of individual items of sexually explicit visual material." Mason, 49 Va. App. at 48, 636 S.E.2d at 484.

Appellant argues that this Court's holding in Mason no longer controls because it was decided the year before the General Assembly amended Code § 18.2-374.1(A) to include the language concerning materials stored on a computer's temporary Internet cache. He contends that Code § 18.2-374.1(A) should now be strictly construed to require that the Commonwealth introduce, at a minimum, three images from a computer's temporary Internet cache for each charge of possession of child pornography. We disagree.

"Once the legislature has acted, the role of the judiciary 'is the narrow one of determining what [the legislature] meant by the words it used in the statute.'" Dionne v. Southeast Foam

- 5 -

Converting & Packaging, Inc., 240 Va. 297, 304, 397 S.E.2d 110, 114 (1990) (quoting Diamond v. Chakrabarty, 447 U.S. 303, 318 (1980)). "When considering the meaning and effect of a statute, this Court follows the long-held standard that the clear meanings of words are controlling" and determines the legislature's intention from the plain language of the statute, "'unless a literal construction would involve a manifest absurdity.'" Alston v. Commonwealth, 49 Va. App. 115, 124, 637 S.E.2d 344, 348 (2006) (quoting Watkins v. Hall, 161 Va. 924, 930, 172 S.E. 445, 447 (1934)).

Courts are not permitted to interpret a statute in a way that "'would render the statute strained, ambiguous, illogical, and in contravention of the legislature's clear intent.'" Saunders v. Commonwealth, 56 Va. App. 139, 145, 692 S.E.2d 252, 255 (2010) (quoting Broadnax v. Commonwealth, 24 Va. App. 808, 814-15, 485 S.E.2d 666, 668-69 (1997)). Moreover, "[o]nly when a 'penal statute is *unclear*' do courts apply the rule of lenity and strictly construe the statute in the criminal defendant's favor." De'Armond v. Commonwealth, 51 Va. App. 26, 34, 654 S.E.2d 317, 321 (2007) (quoting Waldrop v. Commonwealth, 255 Va. 210, 214, 495 S.E.2d 822, 825 (1998)). "[T]he rule of lenity serves only to resolve genuine, plausible ambiguities and 'does not abrogate the well recognized canon that a statute . . . should be read and applied so as to accord with the purpose intended and attain the objects desired if that may be accomplished without doing harm to its language.'" Id. at 35, 624 S.E.2d at 321 (quoting Cartwright v. Commonwealth, 223 Va. 368, 372, 288 S.E.2d 491, 493 (1982)).

In Freeman v. Commonwealth, 223 Va. 301, 288 S.E.2d 461 (1982), the Supreme Court stated that the General Assembly's "paramount legislative goal" in enacting Code § 18.2-374.1 "was to protect children from the harm they suffer when they are induced to become models" in sexually explicit materials. Id. at 309, 288 S.E.2d at 465. In furtherance of this legislative intent, Code § 18.2-374.1(A) provides that possession of *a* photograph (as well as *a* picture, *a* drawing,

*a* motion picture film, or *a* digital image, among other items), when containing sexually explicit material involving an identifiable minor, can fully support a conviction for possession of child pornography. Thus, "the Virginia legislature has demonstrated its clear intent that possession of a single photograph could constitute an offense under Code § 18.2-374.1 and that multiple punishments would result from multiple violations of the statute." Mason, 49 Va. App. at 48, 636 S.E.2d at 484 (footnote omitted).

It is completely inconsistent with this clear legislative intent to suggest that the General Assembly amended Code § 18.2-374.1(A) in 2007 to address the pervasive dissemination of child pornography by computer and over the Internet by potentially *reducing* the culpability of those persons whose computers store images or streaming videos of child pornography in the temporary Internet cache. Interpreting Code § 18.2-374.1(A) to require proof of three images or videos from a defendant's temporary Internet cache per conviction doubtlessly would "'defeat the obvious intention of the legislature,'" Willis v. Commonwealth, 10 Va. App. 430, 441, 393 S.E.2d 405, 411 (1990) (quoting Huddleston v. United States, 415 U.S. 814, 831 (1974)), which a court simply should not and cannot do.

Instead, Code § 18.2-374.1(A) now provides that *as a threshold* for convictions of possession of child pornography based on materials found in a defendant's temporary Internet cache, the Commonwealth must first establish that "three or more images or streaming videos" depicting sexually explicit material involving an identifiable minor actually are stored on the computer's temporary Internet cache.[4] Once that threshold of "three or more images or

---

[4] Enacting such a threshold is certainly reasonable, given the possibility that an innocent person may download sexually explicit material accidentally or inadvertently over the Internet or via electronic mail. See Kromer, 45 Va. App. at 821, 613 S.E.2d at 875-76 ("We are not suggesting that anyone who ever uses a computer containing sexually explicit images of children is guilty of possessing child pornography."); cf. 18 U.S.C. § 2252(c) (providing an affirmative defense for possession of child pornography if a defendant establishes that he or she possessed

- 7 -

streaming videos" stored on a computer's temporary Internet cache is satisfied, however, we hold, as this Court held in Mason, that "the permissible unit of prosecution for possession of child pornography" under Code § 18.2-374.1(A) corresponds to the number of individual items of sexually explicit visual material." Mason, 49 Va. App. at 48, 636 S.E.2d at 484; see also Educational Books, Inc., 228 Va. at 395, 323 S.E.2d at 86.

Applying these legal principles to the facts of this case, we find the Commonwealth's introduction of twenty examples of child pornography, which were found in the temporary Internet cache of appellant's computer, was certainly sufficient to prove ten counts of possession of child pornography. Accordingly, we conclude the trial court did not err when it denied appellant's motion to strike four of these charges.

B. Refused Jury Instruction

Appellant also argues that the trial court erred when it refused his proffered jury instruction, which he had adapted from the model jury instruction for constructive possession of contraband, for use in this case.[5] The trial court found that portions of appellant's proposed jury

_____

"less than three matters" of child pornography and either destroyed each visual depiction of child pornography or made a report to a law enforcement agency).

[5] Appellant's proposed jury instruction stated:

> To knowingly and intentionally possess an image of child pornography means that a person is aware of the presence and character of the image and has actual physical possession or constructive possession. Actual physical possession means that the image or item is found on the person. Constructive possession means that the person has dominion and control over the image. Mere proximity is not enough.
>
> Possession need not be exclusive; it may be shared with another. The length of time of the possession is not material.
>
> Ownership or occupancy of the premises in which an image of child pornography is found does not create a presumption that the owner or occupant either knowingly or intentionally possessed

instruction were not "apropos to the facts of this case" and included "phrases and references which are not only inappropriate but would be downright confusing to the jury."  Instead of using appellant's proposed instruction, the trial court instructed the jury that it could convict appellant of possession of child pornography only if it found beyond a reasonable doubt that appellant "knowingly possessed" child pornography.

"A reviewing court's responsibility in reviewing jury instructions is 'to see that the law has been clearly stated and that the instructions cover all issues which the evidence fairly raises.'"  Chibikom v. Commonwealth, 54 Va. App. 422, 425, 680 S.E.2d 295, 296 (2009) (quoting Darnell v. Commonwealth, 6 Va. App. 485, 488, 370 S.E.2d 717, 719 (1988)).  "It is elementary that a jury must be informed as to the essential elements of the offense; a correct statement of the law is one of the 'essentials of a fair trial.'"  Darnell, 6 Va. App. at 488, 370 S.E.2d at 719 (quoting Dowdy v. Commonwealth, 220 Va. 114, 116, 255 S.E.2d 506, 508 (1979)).  "Instructions are to be read in connection with the evidence to which they are intended to apply."  Carroll v. Hutchinson, 172 Va. 43, 52, 200 S.E. 644, 648 (1939).  Moreover, the trial court has broad discretion over whether to give or deny proposed jury instructions.  See Gaines v. Commonwealth, 39 Va. App. 562, 568, 574 S.E.2d 775, 778 (2003) (en banc).

Appellant contends that his proffered jury instruction was required under this Court's opinion in Kromer, but we find that case is not controlling given the very different facts presented here.  In Kromer, a forensic examiner found several files containing child pornography on Kromer's computer.  These files had been created at least two months before the police seized

<hr>

such image.  Such ownership or occupancy is a fact which may be considered with other evidence.

Possession may be proved by acts, declarations or conduct of the defendant from which it may be fairly inferred that he was aware of the presence and character of the image at the place found.

the computer. <u>Kromer</u>, 45 Va. App. at 815, 613 S.E.2d at 873. Kromer's hypothesis of innocence was that someone else, such as a family member, downloaded the pornographic images on his computer and created those files. <u>Id.</u> at 820, 613 S.E.2d at 875. In reviewing the sufficiency of the evidence supporting Kromer's conviction, this Court noted that it need not "determine whether [Kromer] was the person who downloaded the pornographic images," but instead "whether [Kromer] knew the images existed," and if so, whether he exercised dominion and control over them after they were downloaded. <u>Id.</u> at 818, 613 S.E.2d at 874. Applying principles of constructive possession, this Court ultimately determined that the evidence was sufficient to find that Kromer knowingly possessed child pornography in violation of Code § 18.2-374.1:1(A). <u>Id.</u> at 818-21, 613 S.E.2d at 874-76.

The facts in <u>Kromer</u> – which involved the sufficiency of the evidence supporting a conviction for possession of child pornography, rather than appropriate jury instructions for a possession of child pornography trial – are readily distinguishable from the facts in this case. Here, even viewing the evidence in the light most favorable to appellant, the proponent of the refused jury instruction, <u>see</u> <u>Rose v. Jaques</u>, 268 Va. 137, 150, 597 S.E.2d 64, 71 (2004), there was not even a scintilla of evidence presented at trial that anyone but appellant was in the basement apartment on the morning of February 14, 2008 – when the files containing child pornography were saved to the temporary Internet cache of appellant's computer. <u>See</u> <u>Cherrix v. Commonwealth</u>, 257 Va. 292, 307, 513 S.E.2d 642, 652 (1999) (stating that "a defendant is not entitled to a jury instruction unless it is supported by more than a scintilla of evidence"). Thus, unlike in <u>Kromer</u>, where the issue was whether Kromer was aware that either he or someone else had downloaded child pornography onto his computer months before the computer was seized, the question of fact to be determined by the factfinder here was whether appellant was aware of

- 10 -

the child pornography that first appeared on his computer *the very morning* that the police

executed the search warrant.

Although appellant argues that his proffered jury instruction would have better assisted

the jury in determining whether appellant knowingly possessed the child pornography found on

his computer,[6] the trial court *actually instructed* the jury to determine whether appellant

"knowingly possessed" child pornography, as was required by statute to support a conviction for

possession of child pornography.[7] Indeed, the Virginia Code simply provides that any person

who "knowingly possesses" child pornography is guilty of possession of child pornography.

---

[6] During oral argument before this Court, appellant's counsel noted that Detective Wells could not testify with certainty how the child pornography files had ended up on appellant's computer. For instance, the detective acknowledged that pornographic images sometimes appear on "pop-up" or "pop-down" advertisements, which often occur contrary to the intention of the user of the computer. Therefore, appellant contended, the files might have been saved to the temporary Internet cache without appellant's knowledge.

Although the detective's acknowledgement was relevant evidence for the jury to consider, appellant provided no *affirmative* evidence that supported his proffered jury instruction. See Commonwealth v. Leal, 265 Va. 142, 147, 574 S.E.2d 285, 288 (2003) ("We repeatedly have ruled that although the jury's ability to reject evidence will support an acquittal, the ability to reject evidence does not supply the affirmative evidence necessary to support a jury instruction." (internal quotation marks and citations omitted)). No affirmative evidence at trial suggested that the files were downloaded to appellant's computer accidentally or without his knowledge. Rather, the evidence established the opposite. We note that his computer's temporary Internet cache contained not only twenty images of child pornography, but also fourteen additional images depicting nude, almost nude, or partially nude young girls. It is unlikely that thirty-four images of such material could be downloaded accidentally or unknowingly, especially when there is not a scintilla of evidence to suggest that these files were accidentally downloaded. Furthermore, a video of a man engaging in sexual intercourse with a young girl also appeared in appellant's temporary Internet cache. Notably, Detective Wells testified that a video takes longer to download to a computer's hard-drive than a photograph would take, so accidental downloading of such material is highly unlikely. The trial court was permitted to consider that appellant presented no affirmative evidence to suggest the images and video here were accidentally or unknowingly downloaded when it refused appellant's proffered jury instruction.

[7] In his petition for appeal, appellant argued under a separate question presented that the trial court was required to instruct the jury that it must find appellant "knowingly *and intentionally*" possessed the child pornography in order to convict. An appeal was not granted on that question presented, however, so it is not before this Court on appeal.

- 11 -

Code § 18.2-374.1:1(A).  The trial court informed the jurors "as to the essential elements of the offense" by instructing them that the evidence must prove beyond a reasonable doubt that appellant "knowingly possessed" child pornography in order to convict him under Code § 18.2-374.1:1(A).  Darnell, 6 Va. App. at 488, 370 S.E.2d at 719.  Consequently, we conclude the trial court did not err in granting this instruction.

Moreover, appellant, as the proponent of the refused jury instruction, bore the burden "to satisfy the trial court that the proposed language [gave] a correct statement of the law, applicable to the facts of the case on trial, and expressed in appropriate language."  Shaikh v. Johnson, 276 Va. 537, 546, 666 S.E.2d 325, 329 (2008).  Appellant failed to carry this burden in the proceedings below, as the trial court found that portions of appellant's proposed jury instruction were inapplicable to the facts presented at trial and could potentially confuse the jury.  We agree with the trial court.

For instance, appellant's proposed instruction would have told the jury that "[p]ossession need not be exclusive; it may be shared with another."  While expressing a generally correct statement of law, this portion of the instruction was wholly inapplicable to the facts presented at trial.  As discussed above, only appellant was in the basement apartment when the files corresponding to the pornographic photographs and video (as well as the photographs of nude, almost nude, and partially clothed young girls) were created and saved to the computer – sometime between 8:07 a.m. and 8:12 a.m. on February 14, 2008.  Therefore, no evidence at trial even suggested the possibility that appellant's possession of the photographs depicting child pornography was "shared with another."

In addition, the portion of appellant's proposed jury instruction indicating that the "length of time of the possession [of child pornography] is not material" was potentially confusing to the jury.  Here, as the trial court found in denying appellant's renewed motion to strike, the fact that

- 12 -

the pornographic images were stored on appellant's temporary Internet cache for a very short period of time before his computer was seized by the police was an *extremely* material and relevant circumstance for the jury to consider.

Thus, appellant failed to establish that significant portions of his proposed jury instruction were applicable to the facts of this case and were expressed in appropriate language. See Shaikh, 276 Va. at 546, 666 S.E.2d at 329.

In contrast to appellant's misleading and rather unwieldy proposed instruction, the trial court here gave the jury a "simple, impartial, clear, concise statement of the law." Gottlieb v. Commonwealth, 126 Va. 807, 813, 101 S.E. 872, 874 (1920). Thus, the trial court did not abuse its discretion when it refused to include appellant's proffered jury instruction in its initial charge to the jury. Nor did the trial court abuse its discretion when it declined to use appellant's instruction in response to the jury's inquiry concerning the definition of "knowingly possessed." As the United States Supreme Court stated in United States v. Bayer, 331 U.S. 532 (1947):

> Once the judge has made an accurate and correct charge, the extent of its amplification must rest largely in his discretion. The trial judge, in the light of the whole trial and with the jury before him, may feel that to repeat the same words would make them no more clear, and to indulge in variations of statement might well confuse. How far any charge on technical questions of law is really understood by those of lay background would be difficult to ascertain, but it is certainly more evident in the living scene than in a cold record.

Id. at 536-37. Here, the trial court indicated that the jury had been adequately instructed and advised the jury to apply its common sense to the instructions and the facts of the case in determining whether appellant knowingly possessed child pornography. This response to the jury's inquiry was certainly appropriate. See Van Dyke v. Commonwealth, 178 Va. 418, 426, 17 S.E.2d 366, 370 (1941) ("[I]n the consideration of facts established the jury must apply common sense and weigh them as ordinary men are expected to weigh them.").

"'When granted instructions fully and fairly cover a principle of law, a trial court does not abuse its discretion in refusing another instruction relating to the same legal principle.'" Gaines, 39 Va. App. at 568, 574 S.E.2d at 778 (quoting Stockton v. Commonwealth, 227 Va. 124, 145, 314 S.E.2d 371, 384 (1984)).  Based on the record before us, we conclude that the trial court left "nothing unsaid which need[ed] to be said, while saying no more than necessary." Kennemore v. Commonwealth, 50 Va. App. 703, 712, 653 S.E.2d 606, 610 (2007).

## III. CONCLUSION

Code § 18.2-374.1(A), which defines "child pornography," does not require that each conviction be supported by three separate images containing child pornography.  Therefore, the trial court did not err in refusing to strike four of the charges of possession of child pornography. In addition, the trial court did not abuse its discretion in refusing appellant's proffered jury instruction.  Accordingly, for the foregoing reasons, we affirm appellant's conviction for possession of child pornography under Code § 18.2-374.1:1(A), as well as the nine convictions for possession of child pornography, second or subsequent offense, under Code § 18.2-374.1:1(B).

Affirmed.