## CIRCUIT COURT OF FAIRFAX COUNTY

Paul D. Albertson

v.

Sheila E. Albertson

March 15, 2007

Case No. CL-2006-9521

BY JUDGE KATHLEEN H. MACKAY

Defendant filed a *Motion for Examination and Analysis of Computers* on September 15, 2006. Plaintiff filed a response on September 21, 2006. The court heard initial arguments on September 29, 2006. At that time, the court took the matter under advisement and asked the parties to provide supplemental briefs addressing the procedural, legal, and constitutional issues raised by Defendant's motion and Plaintiff's assertion of a Fifth Amendment privilege. The court heard oral arguments upon the supplemental briefs on November 22, 2006. After a review of the record and in light of the parties' thorough written submissions and oral presentations, the court is prepared to rule.

*Part I: Background*

Plaintiff Mr. Albertson filed for divorce on July 28, 2006, on the grounds that Mrs. Albertson had constructively deserted the marriage by entering into a loving and affectionate lesbian relationship. Plaintiff alleged the couple separated and that he left the marital residence on May 29, 2006. Defendant Mrs. Albertson filed an Answer and Cross-Complaint on August

21, 2006. Defendant's Cross-Complaint sought a divorce on the grounds that Plaintiff had committed acts of sodomy and/or buggery in early 2005. Defendant confirmed that Plaintiff left the marital residence on May 29, 2006, but Defendant claimed Plaintiff's departure was precipitated by her finding a pornographic DVD entitled "Couples Love She-Males"[1] in Plaintiff's possession. In a subsequent pleading, Defendant alleged that, immediately before separation, Defendant learned from two friends that Mr. Albertson had an adulterous liaison, involving sexual contact, with both an underage girl and the girl's mother. Defendant further alleged that Mr. Albertson had viewed child pornography on a computer in the past.

Shortly after separation, Defendant took three computers from the marital residence to Sensei Enterprises, Inc., a Computer Forensics/Legal IT corporation ("Sensei"). Sensei "imaged," or made an exact copy, of each computer's hard drive. The parties presented evidence as to the ownership, use, and control of the three computers. The court finds that the blue Dell laptop was purchased from joint funds and though it was initially and primarily used by Plaintiff, Defendant had permission to use the blue Dell laptop and it was often kept in the family room. The court finds that the black Dell laptop was used by Plaintiff as a work computer in the past, but, as of the date of separation, it was kept in the family room and could be used by any member of the family. The court additionally finds that the family computer ("tower hard drive") could be used by any member of the family. Accordingly, the court finds that Defendant was entitled to use each computer and no computer, or its hard drive's files, were guarded by means other than password protection. Defendant and Sensei then opened and examined files contained on the "imaged" hard drives. Among these files Defendant found an extensive library of homosexual and hermaphroditic pornography and pictures she contends depict her husband, dressed in women's clothing, engaged in sexual acts with other men. Defendant was unable to open files on the "imaged" hard drive that were password protected. Files are password protected if the computer user must enter a specific password or code before the computer will permit access to open the protected files. Among the password protected files which Defendant could not open were Plaintiff's web-based e-mail accounts. (America Online (AOL), Yahoo Mail, Hotmail,

---

[1] Defendant alleged that the DVD's packaging depicted various "she-males," a crude slang term for individuals with both male and female genitalia (hermaphrodites), engaged in various sexual activities. The DVD packaging also had the slogan "Couple Who Love R**k H**d C**k on Girls and Boys."

and Google G-Mail are examples of web based e-mail accounts.) Despite the technological ability to override the password protections, Sensei refused to open the password protected files without a court order expressly granting Sensei such authority.

Defendant now seeks court authority for Sensei and Defendant to access password protected files and view Plaintiff's e-mail messages which may, or may not, reveal whether Plaintiff is the individual engaged in homosexual relations in the pictures. Defendant's inspection of Plaintiff's e-mail correspondences stored on the "imaged" drives could collaterally provide evidence of Plaintiff's (a) other acts of adultery; (b) other non-pictured acts of sodomy or buggery; (c) possession, distribution, or production of child pornography; (d) other illegal acts; and (e) other embarrassing information.

The relevancy of Defendant's request cannot be understated. Plaintiff denies that he has engaged in acts of adultery, sodomy, or buggery. Plaintiff further denies that he is the person performing homosexual acts in the pictures already recovered from non-password protected files. The e-mail correspondences sought could not only prove Defendant's claim for divorce upon fault grounds, but could critically impact the pending Equitable Distribution and future custody arrangements.

Under Virginia's computer trespass law, "[a] person is guilty of the crime of computer invasion of privacy when he uses a computer or computer network and intentionally examines without authority any employment, salary, credit or any other financial or identifying information, as defined in clauses (iii) through (xiii) of subsection C of § 18.2-186.3, relating to any other person." Va. Code § 18.2-152.5. "Passwords" are protected personal information identified by § 18.2-186.3(C)(xii). A person would be guilty of violating § 18.2-152.5 unless they acted "with authority." *Id.* Defendant and Sensei now ask the court for authority to violate § 18.2-152.5. Thus, the court must first determine if the court is vested with the power to grant Sensei and Defendant "authority," as described in § 18.2-152.5.

Plaintiff contends the court may not grant Sensei or any other party "authority" to view his password protected files because it would violate his constitutional rights under the Fifth Amendment to the United States Constitution and Article 1, section 8, of the Virginia Constitution. U.S. Const. Amend. V; Const. Art. 1, § 8. The Virginia privilege is construed identically to its federal counterpart, *Flanary v. Commonwealth*, 113 Va. 775, 779 (1912), thus reference to the Fifth Amendment is shorthand for both constitutional protections. The court notes that, in Plaintiff's Answer to Defendant's Cross-Complaint, Plaintiff denied having committed acts of adultery, sodomy, or buggery. The Fairfax County Circuit Court, per Judge F.

Bruce Bach held in *Lietner v. Lietner*, 11 Va. Cir. 281, 282 (1988), that a party's "den[ial of an] allegation of adultery in [an] answer rather than invoking his Fifth Amendment right at that time," in addition to the party's "allegation of faithfulness" waived a subsequent assertion of a Fifth Amendment privilege. However, in *Helmes v. Helmes*, 41 Va. Cir. 277, 279 (1997), the Fairfax County Circuit Court, per Judge Leslie M. Alden, held that a party's "assertion of lack of knowledge or denial of the allegation does not constitute of waiver of the [Fifth Amendment] privilege." The court need not reconcile these decisions because Plaintiff stipulated that he waived any Fifth Amendment protection regarding adultery, sodomy, or buggery by failing to invoke the amendment's protection before denying the same. Despite allegations that Plaintiff has viewed child pornography in the past, he has neither admitted nor denied these allegations. Plaintiff now asserts his Fifth Amendment rights and contends that a court order authorizing inspection of his hard drive files could lead to the discovery of incriminating evidence. Whether this court may grant Defendant and Sensei "authority" to violate § 18.2-152.5 and whether Plaintiff's invocation of the Fifth Amendment bars the court from granting said authority are matters of first impression for this court. We consider them in turn.

*Part II: Granting "Authority" Under Va. Code § 18.2-152.5*

A person is without authority to intentionally examine information protected by § 18.2-152.5 if she "knows or reasonable should know that [s]he has no right or permission or knowingly acts in a manner exceeding such right or permission." § 18.2-152.2. The statute does not state that the circuit courts have power to grant authority. The former § 18.2-152.2 stated that a person was "without authority" when she "has no right of permission *of the owner* to use a computer or computer network." Va. Code § 18.2-15.2(2004) (emphasis added). The deletion of the limiting phrase "of the owner" in the current statute is evidence that a person or entity, in addition to the owner, can grant authority. Law enforcement officers acting pursuant to a valid search warrant have authority to view these documents. *Rosa v. Commonwealth*, 48 Va. App. 93, 96 (2006). The courts, therefore, have the power to grant authority to examine information protected by § 18.2-152.5.

The Rules of the Supreme Court of Virginia grant great discretion to the circuit courts in their task of overseeing discovery. Specifically, under Rule 4:9, the court may permit access to land, property, and information when such

acts would otherwise be tortious and criminal.[2] Pursuant to Rule 4:9 the court may require a party to allow another party to "inspect and copy, any designated documents (including writings . . . photographs . . . and other data compilations from which information can be obtained . . . or to inspect and copy, test, or sample any tangible things . . . in the possession, custody, or control of the party upon whom the request is served." Rule 4:9(a). Thus under Rule 4:9, the court has the power to require Plaintiff to produce his actual hard drives so Defendant can "inspect and copy" the writings, photographs, or data compilations stored therein. Because the court is vested with the greater authority to force a party to produce documents, photographs, information, and data compilation which would otherwise be protected by § 18.2-152.5, the court is vested with the constituent power to grant "authority" to a party to access said documents, photographs, information, and data compilation already in the requesting party's possession or control. The circuit courts may, pursuant to the powers governing discovery, grant "authority" for parties to access information otherwise protected by Va. Code § 18.2-152.5. The court notes that Rule 4:9 limits inspection and copying to "designated" documents. Accordingly, Rule 4:9 does not allow a party to access computer files *carte blanche*. See, Part IV, *infra*.

*Part III: Fifth Amendment Protection of Personal Computer Files*

The United States Supreme Court in *Boyd v. United States*, 116 U.S. 616, 633 (1886), was "unable to perceive [how] the seizure of a man's private books and papers to be used in evidence against him is substantially different from compelling him to be a witness against himself." *Id*. Though dicta,[3] this pronunciation of the Fifth Amendment's content-based protection of personal papers, writings, documents, and books precluded the use in evidence of personally prepared materials for nearly a century. In 1976, the Court limited *Boyd's* sweeping protection of personal papers from use against an individual in *Fisher v. United States*, 425 U.S. 391 (1976), holding that when "the preparation of all the papers sought . . . was wholly voluntary . . . the [preparation] cannot be said to contain compelled testimonial evidence." 425

---

[2] Rule 4:10 even allows the court to grant civil litigants access to another party's blood and bodily fluids, the extraction of which would be tortious and criminal otherwise.

[3] The writings and papers obtained in *Boyd* were import invoices required to be kept by federal law, not personal letters, diaries, or correspondences.

U.S. at 409-10. See also, 35 Geo. L. J. Ann. Rev. Crim. Proc. 465, 591-98 (2006). The *Fisher* Court held, the "proposition that the Fifth Amendment protects private information obtained without compelling self-incriminating testimony is contrary to the clear statements of this Court that under appropriate safeguards private incriminating statements of an accused may be overheard and used in evidence, if they are not compelled at the time they were uttered." *Fisher*, 425 U.S. at 400. Under the United States Supreme Court's present Fifth Amendment jurisprudence, personal documents are not protected by the Fifth Amendment simply because they are personal in nature and the individual asserts a general privacy interest in keeping their contents private. *Fisher*, 425 U.S. at 401. "We cannot cut the Fifth Amendment completely loose from the moorings of its language, and make it serve as a general protector of privacy – a word not mentioned in its text and a concept directly addressed in the Fourth Amendment. We adhere to the view that the Fifth Amendment protects against `compelled self-incrimination, not the disclosure of private information'." *Fisher*, 425 U.S. at 401 (*citing United States v. Nobles*, 422 U.S. 225, 233, n. 7 (1975)). Thus, an individual's Fifth Amendment protection from self-incrimination is not implicated when private papers, writings, documents, and books are prepared without compulsion and are later used to incriminate the individual. *Fisher*, 425 U.S. at 400-01, 409-10. The *Fisher* Court noted, 425 U.S. at 410, n. 11, and the Court in *United States v. Doe*, 465 U.S. 605, 613 (1984), held that "the act of producing the document may be" privileged under the Fifth Amendment. The Fifth Amendment is implicated if a "government subpoena compels the holder of the document to perform an act that may have testimonial aspects and an incriminating effect. As we noted in *Fisher*, `Compliance with the subpoena tacitly concedes the existence of the papers demanded and their possession or control by the taxpayer. It also would indicate the taxpayer's belief that the papers are those described in the subpoena'." *Doe*, 465 U.S. at 610 (citing *Fisher*, 425 U.S. at 410, n. 11). This court is also guided by the Virginia Court of Appeals' analysis of Fifth Amendment jurisprudence contained in *Moyer v. Commonwealth*, 33 Va. App. 8 (2000).

Compulsion sufficient to trigger protection by the Fifth Amendment must be governmental compulsion because the protection is a limitation on the federal government's power and Commonwealth's power by virtue of the Fourteenth Amendment. *Malloy v. Hogan*, 378 U.S. 1, 6 (1968) ("We hold today that the Fifth Amendment's exception from compulsory self-incrimination is also protected by the Fourteenth Amendment against abridgment by the States.")

Plaintiff was not compelled to write or send e-mail messages regarding the possession, distribution, or production of child pornography. Nor was Plaintiff under a governmental compulsion to voluntarily view pornographic images of children on his computer. No compulsion is present regardless of whether Plaintiff voluntarily viewed such images as an attachment to a "received" e-mail or if he voluntarily viewed such images on an internet web page.[4] Accordingly, the voluntary writing or receiving of e-mail messages, and the voluntary viewing of any image, either as an e-mail attachment or as an image on an internet web page containing pornographic images of children, is not "compelled" as this terms relates to the Fifth Amendment's privilege against self-incrimination.

As noted above, Fifth Amendment "compulsion" can be present when the *production* of requested documents "compels the holder of the document to perform an act that may have testimonial aspects and an incriminating effect." *United States v. Doe*, 465 U.S. 605, 610 (1984). Defendant seeks a court order allowing a third party to open files already in Defendant's custody and possession. None of Sensei's applications will require Plaintiff to produce any document, nor perform any act. Accordingly, the issuance of a court order granting Defendant and Sensei "authority" to access Plaintiff's password protected files does not require Plaintiff to perform a testimonial act and thus is not barred by Plaintiff's assertion of a Fifth Amendment right.

## Part IV: Scope

Plaintiff argues, and the court acknowledges, that unfettered access to Plaintiff's computer files would be improper. Rule 4:1(b)(1) states that

---

[4] The court notes that pornographic images of children can be saved to a computer's hard drive without the user's knowledge. *See, Kromer v. Commonwealth*, 45 Va. App. 812, 817 (2005). This issue is pertinent in the Commonwealth's prosecution under Va. Code § 18.2-374.1:1, which prohibits the "knowing[] possess[ion of] sexually explicit visual material utilizing or having as a subject a person less than 18 years." In *Kromer*, the Court of Appeals held that the defendant must knowingly, not constructively, possess the prohibited materials. *Kromer*, 45 Va. App. at 816. The court stated that possession was voluntary where an individual "intentionally sought out and viewed child pornography knowing that the images would be saved on his computer, and . . . continued to view child pornography knowing that the pornography was being saved, if only temporarily, on his computer . . . [because] he knew his browser cached the image files each time he intentionally sought out and viewed child pornography with his Web browser." *Kromer*, 45 Va. App. at 816-17 (*citing United States v. Tucker*, 305 F.3d 1193, 1205 (10th Cir. 2002) (punctuation omitted))).

"[p]arties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action, whether it relates to the claim or defense of the party seeking discovery or to the claim or defense of any other party." Though the Fifth Amendment does not provide a bar to Defendant's discovery of personal e-mail correspondence, documents, and images contained on a copy of Plaintiff's hard drives, the court may restrict discovery if the court determines that the request "is unduly burdensome." Rule 4:1(b)(1). The court finds that any order granting Defendant "authority" under Va. Code § 18.2-152.5 entails a high probability that immensely personal information will be discovered because of the breadth of information stored on the "imaged" hard drives. Accordingly, the court must balance Defendant's right under the discovery rules to obtain the information against Plaintiff's privacy interests.

On the facts in this case, Defendant should be able to obtain e-mail messages regarding (1) whether Plaintiff is the individual in the already obtained pictures performing sexual acts on other men; (2) the identity of the other individual in the pictures; (3) whether Plaintiff has committed adultery, sodomy, and/or buggery. This third category includes the discovery of additional photographs stored on the "imaged" hard drive, other than those already discovered by Defendant, of Plaintiff engaged in adultery, sodomy, and/or buggery. As discussed in Part III above, Plaintiff does not have a Fifth Amendment right to bar a court order granting the discovery of information pertaining to these categories simply because the inspection of the "imaged" hard drives could reveal incriminating evidence of Plaintiff's possessing child pornography. Nor can the discovery be barred by Plaintiff's assertion of a Fifth Amendment privilege regarding the potential discovery of evidence incriminating Plaintiff of adultery, sodomy, and/or buggery because such protection has been waived.

*Part V: Conclusion*

The court grants authority for Defendant and Sensei Enterprises, Inc., to access the full contents of the "imaged" hard drives currently in Defendant's possession. Sensei is instructed to replicate all password protected e-mail files on the "imaged" hard drives and deliver the copies to Plaintiff's counsel. Sensei shall only make copies of such files and shall not inspect or review the files. Sensei shall have twenty-one days from the date of this order to copy the files. Defendant bears Sensei's costs in copying the files and providing them to Plaintiff's counsel. Upon Sensei's tendering the files, Plaintiff shall review and mark all files which are responsive to the three categories stated in Part

IV. Plaintiff shall identify responsive documents and provide Defendant with an opportunity to inspect and copy the responsive documents, pursuant to Rule 4:9, within thirty days after Plaintiff receives the files from Sensei. Plaintiff's identification of responsive documents/files and Defendant review of such documents/files shall proceed as if Defendant's discovery request was made pursuant to a request for the production of documents under Rule 4:1(a). Plaintiff should not mark as responsive files or documents which are protected by the attorney client privilege or other applicable privilege.