COURT OF APPEALS OF VIRGINIA

Present:  Judges Alston, McCullough and Senior Judge Clements
Argued at Richmond, Virginia

ROBERT JEFFREY KOBMAN

                                                            OPINION BY
v.        Record No. 1451-14-2          JUDGE JEAN HARRISON CLEMENTS
                                                            OCTOBER 27, 2015

COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF ORANGE COUNTY
Daniel R. Bouton, Judge

Christian A. Brashear for appellant.

Christopher P. Schandevel, Assistant Attorney General (Mark R.
Herring, Attorney General, on brief), for appellee.


Robert Jeffrey Kobman, appellant, appeals fifty-four convictions of possessing child

pornography, in violation of Code § 18.2-374.1:1.  Appellant argues the convictions should be

reversed because 1) there was insufficient evidence to show he violated Code § 18.2-374.1:1;

2) the evidence did not conform with the statute in that digital images were not found on his

computers, but rather on damaged files and data; and 3) the statute is constitutionally invalid for

vagueness.  For the following reasons, we affirm in part and reverse in part.

Background

Upon speaking with appellant's wife, Investigator Brian Seale obtained a search warrant

for appellant's residence to look for evidence of child pornography.  While executing the search

warrant that same day, appellant stated to a female officer that they would find what they were

looking for in the search warrant "in the nightstand and the pink file cabinet and in the

computer."  Investigators seized media cards found in the nightstand and file cabinet, a desktop

computer, and a laptop computer.  They also found personal lubricating gel and disposable napkins by the desktop computer.

Nine of the pornographic photographs were in the desktop computer's recycle bin for the user account named "Kobman."  Forty-two of the pornographic pictures were in the desktop computer's unallocated space.  The laptop computer contained three pornographic photographs in its unallocated space.  The school, where appellant was employed, specifically issued the laptop computer to him immediately after they purchased it new.  An investigator retrieved the photographs in the unallocated space of both computers by downloading specialized, forensic, software designed to restore deleted and damaged data that is not otherwise accessible to the computer's user.  The investigator testified that files and data in the unallocated space of a computer are "invisible" to the computer's operating system and inaccessible to the user unless the specialized software is downloaded on the computer.  Deleted files in the recycle bin, however, are accessible to the user and can readily be restored.

Photographs in Unallocated Space

The Commonwealth concedes on brief that the convictions based on the forty-five photographs found in the unallocated space of both computers should be reversed.  In support of its concession, the Commonwealth asserts that the indictments charged that appellant possessed the photographs on or about May 19, 2013.  The Commonwealth acknowledges that other courts have found that without other indicia of knowledge, dominion or control, the mere presence of such contraband in the unallocated space of the computer cannot be shown to be in the accused's possession because the material in the unallocated space cannot be accessed or seen without the forensic software.  See United States v. Flyer, 633 F.3d 911, 918 (9th Cir. 2011); United States v. Moreland, 665 F.3d 137, 152 (5th Cir. 2011) (cases concluding that an accused cannot be

convicted of possessing child pornography solely on evidence of the presence of photographs in unallocated space). Appellant agrees with the Commonwealth's concession.

"While we are not obliged to accept the Commonwealth's concession of legal error, see Copeland v. Commonwealth, 52 Va. App. 529, 531, 664 S.E.2d 528, 529 (2008), we agree with the Commonwealth in this case . . . ." Grant v. Commonwealth, 54 Va. App. 714, 720, 682 S.E.2d 84, 87 (2009). We have previously held that possession of child pornography found in computers may be analyzed under familiar principles of constructive possession. Terlecki v. Commonwealth, 65 Va. App. 13, 772 S.E.2d 777 (2015) (citing Kromer v. Commonwealth, 45 Va. App. 812, 613 S.E.2d 871 (2005).

> "In order to convict a person of illegal possession of contraband, 'proof of actual possession is not required; proof of constructive possession will suffice.'" [Kromer, 45 Va. App.] at 819, 613 S.E.2d at 874 (quoting Maye v. Commonwealth, 44 Va. App. 463, 483, 605 S.E.2d 353, 363 (2004)). To support a conviction based upon constructive possession, "the Commonwealth must point to evidence of acts, statements, or conduct of the accused or other facts or circumstances which tend to show that the defendant was aware of both the presence and character of the [contraband] and that it was subject to his dominion and control." Drew v. Commonwealth, 230 Va. 471, 473, 338 S.E.2d 844, 845 (1986) (citation omitted). "Ownership or occupancy of the premises on which the contraband was found is a circumstance probative of possession." Kromer, 45 Va. App. at 819, 613 S.E.2d at 874 (citing Archer v. Commonwealth, 26 Va. App. 1, 12, 492 S.E.2d 826, 832 (1997)).

Id. at 23-24, 772 S.E.2d at 782.

Here, the Commonwealth concedes there was no evidence that appellant was aware of, or exercised dominion and control over, the forty-five photographs found in the unallocated space of the computers. We agree. No evidence established appellant had access to or used the required forensic software necessary to retrieve the deleted photographs. Further, no evidence showed other indicia of knowledge, dominion, or control of the forty-five photographs found in the unallocated space on the specific date of the indictments. While the evidence may suggest

appellant at one time possessed the photographs in the unallocated space, there was no evidence that he had dominion or control of them on or about May 19, 2013, as the indictments charged.

Accordingly, we reverse the forty-five convictions of possessing child pornography related to the photographs retrieved from the unallocated space of the laptop and desktop computers.

<u>Photographs in Recycle Bin</u>

Appellant's second and third assignments of error challenge the definition of a digital image, as used in the statute, and the constitutionality of the statute. Appellant's arguments in support of these assigned errors reference only the photographs retrieved from the unallocated space of the computers. As we reversed those convictions, we need only consider appellant's first assignment of error challenging the sufficiency of the evidence to prove he was in possession of child pornography with regard to the nine photographs found in the recycle bin. We again employ familiar principles of constructive possession and determine that there was sufficient evidence to support the trial court's determination that appellant possessed the nine images found in the recycle bin on or about May 19, 2013.

In support of appellant's sufficiency argument, he advances several theories of defense. First, appellant claims there was no direct evidence that he was in actual possession of the images; no one could testify that they saw him with the photographs. As mentioned previously, the Commonwealth can prove possession of electronic images through evidence of constructive possession. <u>Terlecki</u>, 65 Va. App. at 23-24, 772 S.E.2d at 782.

Second, appellant claims that he did not make any admissions of possessing the photographs. Appellant asserts that when he told the police they could find what they were looking for he was referring to a "first search warrant" that referenced only a search for computers and digital data storage devices, not child pornography. Appellant claims there was a

second search warrant issued at a later point in time that specifically addressed the search for child pornography. The record does not support this claim. The record does not contain copies of any search warrants. However, the testimony indicates Seale obtained a search warrant after speaking with appellant's wife and he executed the warrant the same day. His testimony indicates the "search warrant was issued in relation to an offense of possession of child pornography" and he read the warrant to appellant. During the course of the search, another officer went to the police car where appellant was detained and appellant made the statements to her that the police could find what they were looking for "in the nightstand and the pink file cabinet and in the computer." When asked what he meant, appellant stated he was referring to the content of the search warrant, which by Seale's testimony, related to child pornography. The trial court found that appellant was referencing the contraband found "in the computer." The record supports that finding.

Appellant also advanced theories of innocence, including the possibility of other people having used the computer and the presence of viruses or websites that unknowingly placed images on the computer. The evidence proved that the recycle bin was associated with the user account named "Kobman." Expert testimony established that computer users can access and control files placed by the user into the recycle bin. Appellant made statements indicating what the police were looking for, as reflected in the search warrant, could be found "in the computer."[1] Appellant's statement indicated his guilty knowledge. Further, police found the lubricating gel and napkins in front of the computer, evidence of appellant's state of mind and intent. Finally, although the Commonwealth could not prove appellant possessed the images found in the unallocated spaces of the computers, their presence nevertheless was a circumstance

---

[1] Appellant's statement did not refer to the laptop, consistent with our finding that he did not possess the photographs in the unallocated spaces.

probative of his possession of the other images. Notably, the school specifically assigned the laptop computer to appellant after the school purchased it brand new. That both computers had pornographic images in the unallocated spaces established a greater likelihood that appellant, not a virus, website, or other family member, put the child pornography on the desktop computer found in the recycle bin. This evidence, considered in its entirety, supported the trial court's finding that appellant was aware of the presence of the nine illicit photographs in the recycle bin and that he exercised dominion and control over the contraband. Accordingly, we affirm the nine convictions for possession of the child pornography found in the recycle bin of the computer.

Finding insufficient evidence to support possession of the photographs found in the unallocated spaces of the desktop and laptop computers, we reverse forty-five convictions. However, the evidence supports the trial court's finding with regard to the nine photographs found in the recycle bin of the computer. Accordingly, we reverse the trial court, in part, and dismiss the forty-five convictions noted above, and affirm the trial court's judgment of conviction on nine counts of possession of child pornography.[2]

<u>Affirmed in part, and
reversed and dismissed in part.</u>

---

[2] The Commonwealth and appellant, by stipulation, agree the nine photographs are P1, P2, P6, P7, P8, P10, P11, P12, and P15 which correlate to case numbers CR13000220-00, CR13000221-00, CR13000225-00, CR13000226-00, CR13000227-00, CR13000229-00, CR13000230-00, CR13000231-00, and CR13000234-00.