UNPUBLISHED

COURT OF APPEALS OF VIRGINIA


Present:   Judges Humphreys, AtLee and Senior Judge Clements
Argued at Lexington, Virginia


DAVID LOUIS VOLPE

                                                    MEMORANDUM OPINION[*] BY
v.         Record No. 1290-15-3               JUDGE RICHARD Y. ATLEE, JR.
                                                      DECMEBER 13, 2016

COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF NELSON COUNTY
J. Michael Gamble, Judge Designate

Jeremy L. Boggs for appellant.

Stephen L. Forster, Assistant Attorney General (Mark R. Herring,
Attorney General; Kathleen B. Martin,[**] Senior Assistant Attorney General,
on brief), for appellee.


A judge in the Circuit Court of Nelson County ("trial court") convicted appellant David

Louis Volpe of one count of possession of child pornography, first offense, and one count of

possession of child pornography, second or subsequent offense.  He was sentenced to five and

ten years in prison for each charge, respectively, with the entirety of both sentences suspended.[1]

On appeal, Volpe argues that the trial court erred in denying his motion to strike as the evidence

was insufficient to demonstrate he knowingly possessed these images.  For the following

reasons, we disagree and affirm.

_____

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[**] Kathleen B. Martin became an employee of this Court on August 10, 2016.  She has
had no involvement in the Court's review of this case.

[1] Appellant was also convicted of aggravated sexual battery, for which he received an
active sentence of six years.  That conviction is not at issue in this appeal, although the victim of
that crime, C.K., testified to facts that are important to the convictions appealed here.

## I. BACKGROUND

Volpe lived across the street from a family of six that included four children, aged twelve, nine, eight, and four at the time of trial. In February 2014, the family lost their home, and they temporarily moved in with Volpe. Both parents worked late hours, so Volpe would occasionally babysit. One daughter, C.K., told her mother that while alone with Volpe, he had shown her "a video of two little girls . . . touching each other . . . ." C.K. was nine years old at the time. Because of this, as well as other concerns,[2] the mother went to the police.

Based on this report, an investigator with the Nelson County Sheriff's Office executed a search warrant at Volpe's home on April 1, 2014. He recovered two laptop computers in the living room and several external drives in Volpe's bedroom. Volpe stated he had purchased both laptops and that the flash drives had come with the computers. Investigator Jeremy Olachea, a digital forensics expert with the Sheriff's Office's Internet Crimes against Children Task Force, analyzed these items. On one laptop, he found 2,183 images in the computer's cache that, in his expert opinion, were consistent with child pornography. He testified that these images are generally created when someone accesses a website or opens a file containing the image. Fourteen of these cached images were admitted at trial, each corresponding to fourteen counts of possession of child pornography. Olachea also found "link files," which he explained are created whenever a user opens or accesses a file. He testified that these "link files" were consistent with child pornography.[3] The forensic analysis also showed that someone had searched for "uncensored sex with girls" on one of Volpe's laptops. Some file names referenced a

---

[2] Although Volpe's aggravated sexual battery conviction is not at issue in this appeal, C.K. also told her mother about Volpe's actions when she was left alone with him that resulted in that conviction, and led to her reporting Volpe to the police.

[3] Because Volpe argues only that he did not possess the images and files, and does not contest that they depict child pornography, we do not need to examine the expert assessment that they are "consistent with child pornography."

- 2 -

well-known distributor of child pornography. When an investigator asked Volpe about this evidence, Volpe admitted that he received emails containing child pornography, although he "didn't know how or why" those emails came to his email account.

The cached images and link files were all found under the computer's "David" profile. This profile was password-protected, although others occasionally used the computer. Of the fourteen images, two had been moved to a folder. Olachea explained that, unlike the other twelve images introduced into evidence that were a product of an automated process, moving these two files required affirmative action on the part of a user. Specifically, when asked if there was "any evidence [Volpe] accessed any of these images once they had been cached," the expert replied "the images with the folders, yes."

The trial court convicted Volpe of possession of child pornography and possession of child pornography, second offense, based on the two images that had been moved to a folder. The trial court granted the defense's motion to strike the twelve charges brought for the remaining cached images, because there was insufficient evidence Volpe knowingly possessed them.

## II. POSSESSION ON DATE CHARGED IN THE INDICTMENT

On appeal, Volpe argues that there was insufficient evidence of knowing possession. "On appellate review, we are bound by the familiar principle that 'we must consider the evidence and all reasonable inferences fairly deducible therefrom in the light most favorable to the Commonwealth, the prevailing party below.'" Collins v. Commonwealth, 65 Va. App. 37, 40, 773 S.E.2d 618, 620 (2015) (quoting Robinson v. Commonwealth, 273 Va. 26, 30, 639 S.E.2d 217, 219 (2007)), aff'd, ___ Va. ___, 790 S.E.2d 611 (2016).

Volpe's arguments are three-fold. First, Volpe maintains that, because the expert could not determine when these cached images were created (i.e., when they appeared on his

computer's screen), the evidence fails to show he possessed the two images on the date charged on the indictment. This first argument fails to appreciate that cached images are expressly included in the statutory definition of "child pornography." Code § 18.2-374.1, which defines terms used throughout Code § 18.2-374.1:1 (the statute under which Volpe was convicted), explains that "'child pornography' means sexually explicit visual material which utilizes or has as a subject an identifiable minor," and "'sexually explicit visual material' means a . . . digital image, *including such material stored in a computer's temporary Internet cache when three or more images or streaming videos are present*." (Emphasis added). The General Assembly added the italicized language in 2007, well before the date of Volpe's offenses. Accordingly, because these images were in his cache on the date charged in the indictment, the date these cached images were generated is immaterial.

We recognize that this definition requires three or more cached images to be "present." Although the trial court convicted Volpe for knowing possession of only two images, we find that more than three images depicting child pornography were present on Volpe's laptop. Although Code § 18.2-374.1 is unambiguous, it does not define the word "present," and no definition is provided elsewhere in the Title. "When considering the meaning and effect of a statute, this Court follows the long-held standard that the clear meanings of words are controlling," unless such an interpretation would result in "a manifest absurdity." Chapman v. Commonwealth, 56 Va. App. 725, 732, 697 S.E.2d 20, 24 (2010) (quoting Alston v. Commonwealth, 49 Va. App. 115, 124, 637 S.E.2d 344, 348 (2006)).

The word "present" has numerous meanings, varying from a gift, to an introduction, to a moment in time. As used in Code § 18.2-374.1, the relevant definition is "to be before one, be at hand" or "now being in view." Webster's Third New International Dictionary 1793 (2002). "Present" thus refers to the location or accessibility of the image. It carries no *scienter*

- 4 -

requirement, and is not tantamount to evidence sufficient to sustain a conviction. Cf. Chapman, 56 Va. App. at 734, 697 S.E.2d at 25 (emphasizing that "*as a threshold* for convictions of possession of child pornography based on materials found in a defendant's temporary Internet cache, the Commonwealth must first establish that 'three or more images or streaming videos' depicting sexually explicit material involving an identifiable minor actually are stored on the computer's temporary Internet cache," not that the defendant knew of or manipulated the cached images).

Therefore, although the trial court only convicted Volpe for knowing possession of two images, there were many more "present" on his computer. At a minimum, there were fourteen cached images entered into evidence; there is no question that the trial court found that all of these depicted child pornography. There were also thousands of images in Volpe's laptop's cache that, according to expert testimony, were consistent with child pornography. We need not determine the precise bounds of which images were "present," because the evidence at trial plainly demonstrated that there were more than three cached images depicting child pornography "before one" or "at hand" on Volpe's laptop.

### III. EVIDENCE OF CONSTRUCTIVE POSSESSION

Second, Volpe challenges his convictions on the grounds that someone else could have generated or accessed these images. In support of this argument, Volpe emphasizes that he was not the sole user of the computer and that at least one other person (his daughter) knew his password. Viewing the evidence in the light most favorable to the Commonwealth, and granting all reasonable inferences from that evidence, see Collins, 65 Va. App. at 40, 773 S.E.2d at 620, we find the evidence sufficient to show that Volpe possessed the images in question.

When asking if the evidence sufficiently connects the appellant to the computer and the images, "proof of actual possession is not required; proof of constructive possession will

suffice." Kromer v. Commonwealth, 45 Va. App. 812, 819, 613 S.E.2d 871, 874 (2005)

(quoting Maye v. Commonwealth, 44 Va. App. 463, 483, 605 S.E.2d 353, 363 (2004)).

> To support a conviction based upon constructive possession, "the Commonwealth must point to evidence of acts, statements, or conduct of the accused or other facts or circumstances which tend to show that the defendant was aware of both the presence and character of the [contraband] and that it was subject to his dominion and control."

Id. (alteration in original) (quoting Drew v. Commonwealth, 230 Va. 471, 473, 338 S.E.2d 844,

845 (1986)).

There is ample evidence that Volpe not only possessed these images, but also that his

computer use generated the cache files. First, the images were found on his laptop, which he

purchased and of which he was the primary user. The images were stored under a

password-protected profile bearing his name. The laptop was kept in his home, and at the time

of the search, he was the sole resident. See id. ("Ownership or occupancy of the premises on

which the contraband was found is a circumstance probative of possession."). On Volpe's other

laptop, Olachea found search terms for "uncensored sex with girls," as well as other search terms

and file names that indicated attempts to procure, and possess, child pornography.

Furthermore, Volpe expressly told an investigator that he received emails containing

child pornography. Most damningly, C.K. testified that Volpe showed her a video depicting

"[t]wo little girls, I don't know what they were doing, but they didn't have any clothes on." The

two girls were doing something "sort of" like kissing. She testified that Volpe told her the girls

were six and eight years old, and were lesbians. She told her mother about this because "he told

me not to tell, so I figured it was bad." Finally, even though the trial court did not find the

evidence sufficient to show Volpe knowingly possessed the twelve cached images that had not

been moved to folders, "their presence nevertheless was a circumstance probative of his

possession of the other images." Kobman v. Commonwealth, 65 Va. App. 304, 310, 777 S.E.2d

- 6 -

565, 568 (2015). Viewed together, the trial court did not err in finding Volpe constructively possessed the images.

## IV. KNOWING POSSESSION

Finally, Volpe argues there is insufficient evidence of *mens rea* (in this case, knowledge). By including cached images as a form of "sexually explicit visual material," the 2007 statutory amendments modify or clarify *possession* with respect to cached images; however, they do not modify the standard for *knowing* possession.[4] Accordingly, under this Court's existing case law: "we determine whether appellant knew the images existed and, if so, did he exercise dominion and control over them after they were downloaded?" Kromer, 45 Va. App. at 818, 613 S.E.2d at 874; see also Kobman, 65 Va. App. at 307-08, 777 S.E.2d at 567. At trial, Volpe's counsel asked Olachea, an expert in digital forensics, "was there any evidence that [Volpe] ever accessed any of these images once they had been cached?" Olachea responded, "[o]nce again, the images with the folders, yes." Defense counsel did not follow up or request clarification. Although Volpe never admitted or denied that he knew of the existence of the cached images or was aware of the automatic caching process, the fact that he accessed them after they had been cached requires us to infer that he knew the images existed. Accordingly, viewing the evidence in the light most favorable to the Commonwealth, there was sufficient evidence that Volpe knew of and exercised dominion and control over the two images.

---

[4] There is no presumption, rebuttable or otherwise, set forth in the statute that permits this Court to infer knowing possession of cached images based on presence alone. Thus, under the principles of *stare decisis*, we apply our existing standard for *mens rea*, under which a defendant must know of the caching process and have in some way exercised dominion or control over the images after they were cached. See Kromer, 45 Va. App. at 818, 613 S.E.2d at 874.

## V. Conclusion

The trial court did not err in denying Volpe's motion to strike, because the evidence that he knowingly possessed the cached images was sufficient. Accordingly, we affirm the convictions.

<u>Affirmed</u>.