COURT OF APPEALS OF VIRGINIA

Present: Judges AtLee, Friedman and Raphael
Argued at Lexington, Virginia

WILLIAM THOMAS GIBSON, II

MEMORANDUM OPINION[*] BY
JUDGE RICHARD Y. ATLEE, JR.
SEPTEMBER 13, 2022

v.      Record No. 1086-21-3

COMMONWEALTH OF VIRGINIA

FROM THE CIRCUIT COURT OF PITTSYLVANIA COUNTY
Stacey W. Moreau, Judge

Jim D. Childress, III (Childress Law Firm, PC, on brief), for
appellant.

Matthew Beyrau, Assistant Attorney General (Jason S. Miyares,
Attorney General; Sharon M. Carr, Assistant Attorney General, on
brief), for appellee.

Following a bench trial, the Circuit Court of Pittsylvania County ("trial court") convicted

appellant William Thomas Gibson, II, of possessing heroin, in violation of Code § 18.2-250, and

sentenced Gibson to five years of incarceration, fully suspended.[1]  On appeal, Gibson challenges the

sufficiency of the evidence to sustain his conviction.  For the following reasons, we affirm the trial

court's judgment.

I. BACKGROUND

"In accordance with familiar principles of appellate review, the facts will be stated in the

light most favorable to the Commonwealth, the prevailing party at trial."  *Poole v. Commonwealth*,

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] Gibson does not challenge his convictions for possession with intent to distribute
methamphetamine, possession of marijuana, or possession of buprenorphine/naloxone, all arising
from the same incident.

73 Va. App. 357, 360 (2021) (quoting *Gerald v. Commonwealth*, 295 Va. 469, 472 (2018)). In doing so, we discard any of Gibson's conflicting evidence and regard as true all credible evidence favorable to the Commonwealth and all inferences that may reasonably be drawn from that evidence. *Gerald*, 295 Va. at 473.

On July 2, 2019, Pittsylvania County Sheriff's Investigators Jason Colbert and J.A. Davis executed a search warrant at Gibson's residence. During the search, the investigators discovered Gibson and another male inside the home and detained them for investigation. While searching an open dresser drawer inside Gibson's bedroom, Investigator Colbert discovered a small black pouch holding "a clear bag of what appeared to be methamphetamine," a "set of digital scales," and a "little rubber container that had a pill inside" with "maybe some residue." Investigator Davis also found packaging materials, another set of scales, and two needles inside the same drawer. Subsequent laboratory testing confirmed the identity of the suspected methamphetamine and revealed that the rubber container held marijuana residue, heroin residue, and a pill comprised of a buprenorphine/naloxone mixture. At trial, Investigator Colbert acknowledged that he did not personally inspect the contents of the rubber container, and Investigator Davis admitted that he did not notice the residue inside it that was found through laboratory testing.

Gibson told Investigators Colbert and Davis that he was the dwelling's sole resident and was willing to show them where his drugs were located. Gibson said he owned the black pouch containing his methamphetamine and what he believed to be a "Suboxone pill," although he denied any knowledge of heroin. Gibson also claimed that the methamphetamine was only for his "personal use," but later confessed that he had been selling the drug for the past three months. Gibson told police there was "paraphernalia" inside his dresser drawer, although he denied ownership of the needles.

At the conclusion of the evidence, Gibson moved to strike, arguing, in relevant part, that the Commonwealth failed to prove that he knowingly and intentionally possessed the heroin. Because trained police officers did not notice or recognize the heroin residue without laboratory testing, Gibson contended that the evidence was insufficient to prove that he was aware of the heroin's presence and character. The trial court found that although the heroin residue "wasn't apparent" to law enforcement, laboratory testing confirmed its presence and identity. Additionally, Gibson admitted to possessing the other drugs and evinced guilty knowledge of the heroin through his contradictory statements to police. Accordingly, the court convicted Gibson of possession of heroin. This appeal follows.

## II. ANALYSIS

Gibson contends that the evidence failed to prove that he knowingly and intentionally possessed the heroin. Relying on our decision in *Kobman v. Commonwealth*, 65 Va. App. 304 (2015), he asserts that the evidence failed to prove he was aware of the heroin's presence and character because the investigators did not recognize the heroin's presence or identity without laboratory testing and nothing established that Gibson was aware of the heroin residue. Additionally, Gibson seeks to distinguish *Glenn v. Commonwealth*, 10 Va. App. 150 (1990), in which we held that evidence proved a defendant possessed cocaine residue in a bag found in a bedroom containing drug paraphernalia.

### A. *Standard of Review*

"When reviewing the sufficiency of the evidence, '[t]he judgment of the trial court is presumed correct and will not be disturbed unless it is plainly wrong or without evidence to support it.'" *McGowan v. Commonwealth*, 72 Va. App. 513, 521 (2020) (alteration in original) (quoting *Smith v. Commonwealth*, 296 Va. 450, 460 (2018)). "In such cases, '[t]he Court does not ask itself whether *it* believes that the evidence at the trial established guilt beyond a reasonable doubt.'" *Id.*

(alteration in original) (quoting *Secret v. Commonwealth*, 296 Va. 204, 228 (2018)).  "Rather, the relevant question is whether '*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'"  *Vasquez v. Commonwealth*, 291 Va. 232, 248 (2016) (quoting *Williams v. Commonwealth*, 278 Va. 190, 193 (2009)).  "If there is evidentiary support for the conviction, 'the reviewing court is not permitted to substitute its own judgment, even if its opinion might differ from the conclusions reached by the finder of fact at the trial.'"  *McGowan*, 72 Va. App. at 521 (quoting *Chavez v. Commonwealth*, 69 Va. App. 149, 161 (2018)).

B.  *There was sufficient evidence Gibson possessed the heroin.*

"To establish 'possession' in the legal sense, not only must the Commonwealth show actual or constructive possession of the drug by the defendant, it must also establish that the defendant intentionally and consciously possessed the drug with knowledge of its nature and character."  *Birdsong v. Commonwealth*, 37 Va. App. 603, 607 (2002) (quoting *Williams v. Commonwealth*, 14 Va. App. 666, 669 (1992)).  Thus, "possession alone, *without more*, is insufficient to support an inference of guilty knowledge."  *Christian v. Commonwealth*, 59 Va. App. 603, 611 (2012) (quoting *Young v. Commonwealth*, 275 Va. 587, 592 (2008)).

Nevertheless, a "defendant's knowledge of the presence and character of a drug may be shown by evidence of the acts, statements, or conduct of the accused, as well as by 'other facts or circumstances'" demonstrating "the accused's guilty knowledge of the drug."  *Id.* at 613 (quoting *Ervin v. Commonwealth*, 57 Va. App. 495, 506-07 (2011) (*en banc*)).  For example, we have held that the evidence proved a defendant's "guilty knowledge" of the presence and character of marijuana found in a glove compartment when he was "in *sole* possession of the vehicle" and "possessed the key to the vehicle and its glove compartment."  *Ervin*, 57 Va. App. at 510.  That sole possession, coupled with the unlikelihood that "someone else simply left" valuable contraband in someone else's car, justified the factfinder's conclusion that the defendant knew of

the nature and character of the marijuana.  *Id.* at 517-18.  Similarly, in *Glenn*, police discovered cocaine within a tote bag in the defendant's bedroom.  10 Va. App. at 155.  The defendant's exclusive possession of the bag, combined with the presence of "various items useful in 'free basing' cocaine," supported the trial court's finding that the defendant knew of the cocaine's presence and character.  *Id.*

In this case, the totality of the circumstances demonstrated that Gibson knowingly and intentionally possessed the heroin.  First, Gibson expressly admitted that the black pouch containing the heroin belonged to him.  He also was the sole resident of the home where police discovered the heroin and other contraband inside Gibson's black pouch, stored in his bedroom. *See Archer v. Commonwealth*, 26 Va. App. 1, 12 (1997) ("Ownership or occupancy of the premises on which the contraband was found" is a "circumstance probative of possession."). The pouch contained a wide variety and amount of contraband unlikely to be abandoned by some other individual.  *Cf. Ervin*, 57 Va. App. at 517-18.  Commingled with the heroin and other drugs were Gibson's methamphetamine and a pill he identified as "Suboxone" (later identified as buprenorphine/naloxone, the active ingredients in Suboxone), providing more evidence that Gibson knew of the pouch's contents.

Additionally, Gibson admitted that his dresser drawer contained "paraphernalia," including two needles, which a factfinder could infer Gibson used to inject heroin.  The trial court could also consider Gibson's inconsistent statements about his possession of the needles, sale of methamphetamine, and knowledge of the other contraband as evidence that he was lying to conceal his guilt.  *See Sheppard v. Commonwealth*, 250 Va. 379, 389 (1995) ("The defendant's contradictory statements 'furnish bases for reasonable inferences that his explanations were made falsely in an effort to conceal his guilt.'" (quoting *Toler v. Commonwealth*, 188 Va. 774, 782

(1949))); *see also Ervin*, 57 Va. App. at 519-21 (holding that a factfinder may properly reject a defendant's self-serving hypothesis of innocence).

Finally, Gibson's reliance on *Kobman* is misplaced. There, a defendant was convicted of possessing child pornography after police discovered illicit images on two of his computers. 65 Va. App. at 306-07. Several of the images were stored in "unallocated space" while the remainder were in a "recycle bin" associated with the defendant's user account. *Id.* Because the images in the unallocated space were "invisible" and "inaccessible" to the computer's user without use of specialized software, *id.* at 306, and no evidence established defendant had access to such software, we held the evidence failed to prove the defendant knowingly possessed the images. *Id.* at 308. Sufficient evidence proved the defendant's possession of the pornography in the recycle bin, however, because those images did not require specialized software for access, they "can readily be restored," *id. at* 307, and additional circumstances—including the defendant's user account name linked to the recycle bin and the presence of lubricating gel and napkins—proved the defendant's guilty knowledge of its contents, *id.* at 310.

In this case, as in *Kobman*, police did not recognize the contraband without relying on specialized forensic tools to identify it. But here, there were additional circumstances that proved Gibson's guilty knowledge of the presence and character of the heroin. *Id.* Thus, rather than supporting Gibson's argument, *Kobman* underscores the principle that a defendant's possession of contraband, if combined with *additional circumstances* proving his knowledge of its nature and character, may sustain a conviction under Code § 18.2-250.

In sum, the "combined force" of the above circumstances amply supports the trial court's finding that Gibson knowingly and intentionally possessed the heroin. *Pick v. Commonwealth*, 72 Va. App. 651, 668 (2021) (recognizing that "the combined force of many concurrent and

related circumstances, each insufficient in itself, may lead a reasonable mind irresistibly to a conclusion" (quoting *Finney v. Commonwealth*, 277 Va. 83, 89 (2009))).

III.  CONCLUSION

The trial court did not err in finding the evidence sufficient to convict Gibson for heroin possession.  Accordingly, we affirm.

*Affirmed*.